# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Deezer S.A., <br><br> Defendant. | Civil Action No. 4:21-cv-00090 <br><br> Jury Trial Demanded |
| R2 Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Walmart Inc., <br><br> Defendant. | Civil Action No. 4:21-cv-00091 <br><br> Jury Trial Demanded |
| R2 Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Target Corp., <br><br> Defendant. | Civil Action No. 4:21-cv-00092 <br><br> Jury Trial Demanded |

| | |
|---|---|
| R2 Solutions LLC, <br><br>        Plaintiff, <br><br>v. <br><br>Charles Schwab Corp., <br><br>        Defendant. | Civil Action No. 4:21-cv-00122-ALM <br><br>Jury Trial Demanded |
| R2 Solutions LLC, <br><br>        Plaintiff, <br><br>v. <br><br>Fidelity Brokerage Services LLC, <br><br>        Defendant. | Civil Action No. 4:21-cv-00123 <br><br>Jury Trial Demanded |
| R2 Solutions LLC, <br><br>        Plaintiff, <br><br>v. <br><br>JPMorgan Chase & Co., <br><br>        Defendant. | Civil Action No. 4:21-cv-00174 <br><br>Jury Trial Demanded |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff R2 Solutions LLC ("R2" or "Plaintiff") and Deezer S.A. ("Deezer"), Walmart Inc. ("Walmart"), Target Corp. ("Target"), Charles Schwab Corp. ("Schwab"), Fidelity Brokerage Services LLC ("Fidelity"), JPMorgan Chase & Co. ("JPMorgan") (collectively, "Defendants") provide the following statements pursuant to this Court's Order Governing

Proceedings in each case,[1] Federal Rule of Civil Procedure 26(f), and Local Patent Rule ("P.R.") 2-1(a).

R2 and Schwab held a telephonic Rule 26(f) conference on May 21, 2021.  Plaintiff was represented by Edward R. Nelson III, Christopher G. Granaghan, and Hill Brakefield.  Schwab was represented by Brett Govett, Talbot Hansum, and Hao Wu.

R2 and Target held a telephonic Rule 26(f) conference on May 25, 2021. Plaintiff was represented by Edward R. Nelson III, Christopher G. Granaghan, and Hill Brakefield. Target was represented by Lauren Steinhaeuser, Doowon Chung, Roger Sanders, and Michael Young.

The parties held a telephonic Rule 26(f) conference on May 26, 2021. Plaintiff was represented by Edward R. Nelson III, Christopher G. Granaghan, and Hill Brakefield. Deezer was represented by Keith Davis and Michael Oblon. Walmart was represented by Christian Chessman and Eric Findlay. Fidelity was represented by Robert Frederickson III, Jacqueline Genovese Bova, and Jennifer Ainsworth. JPMorgan was represented by Ryan Yagura and Laura Gore. Pursuant to the Court's Instructions, the parties jointly provide the following summary of the conference:

**(1)    Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B, including:**

The parties have agreed on the deadlines set forth in the proposed Scheduling Order attached as Exhibit A.

---

[1] ECF 23 in Case No. 4:21-cv-00091, ECF 17 in Case No. 4:21-cv-00092, ECF 17 in Case No. 4:21-cv-00122, ECF 19 in Case No. 4:21-cv-00123, and ECF 13 in Case No. 4:21-cv-00174. The Court has not yet entered an Order Governing Proceedings in *R2 Solutions LLC v. Deezer S.A.*, Case No. 4:21-cv-00090.  However, Deezer has agreed to participate in the Rule 26(f) process with the other parties in cases filed by R2.

      **a.**      **The need for any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties propose that the Plaintiff and Defendants (collectively) each have a page limit of 75 pages for opening and responsive *Markman* briefs, and Plaintiff shall have a page limit of 35 pages for its reply.

      **b.**      **The scheduling of a Claim Construction Pre-Hearing Conference to be held after the Joint Claim Construction and Pre-Hearing Statement provided for in P.R. 4-3 has been filed.**

The parties do not believe a Claim Construction Pre-Hearing Conference is necessary in this case.

**(2)**      **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

The parties agree that mediation is appropriate but have not agreed on a mediator at this time.

**(3)**      **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

To avoid duplicative discovery, the parties propose that the defendants in these cases be grouped in the following three categories:  (1) Walmart and Target, (2) Deezer, and (3) Charles Schwab, Fidelity, and JPMorgan.  Based on these categories, the parties propose the following limitations on discovery:

**Interrogatories:**  Plaintiff and Defendants (collectively) may serve 15 common interrogatories.  Plaintiff and each category of Defendants specified above may serve an additional 10 common interrogatories.  Plaintiff may serve on each Defendant five (5) party-specific interrogatories per patent asserted against that Defendant.  Each Defendant may serve on Plaintiff five (5) party-specific interrogatories per patent asserted against the Defendant.

Defendants understand that it is appropriate in a "common interrogatory" to request a category of information pertaining to multiple patents-in-suit.

**Requests for Admission:** Each side (*i.e.*, Plaintiff and Defendants collectively) may serve 15 common requests for admission. Plaintiff and each category of Defendants specified above may serve an additional 10 common requests for admission. Plaintiff may serve on each Defendant five (5) party-specific requests for admission per patent asserted against that Defendant. Each Defendant may serve on Plaintiff five (5) party-specific requests for admission per patent asserted against the Defendant. The number of requests for admission to establish the authenticity of a document is unlimited.

**Fact Depositions:** 50 hours[2] of non-expert oral deposition testimony may be taken by each side in each individual case filed by Plaintiff (*i.e.*, each defendant receives 50 hours), with no party subject to more than 30 hours of deposition time in any individual case (*e.g.*, an aggregate of 30 hours total for party-controlled fact and 30(b)(6) witnesses in each individual case). Although the parties shall work in good faith to avoid duplicative questioning of any party witness, nothing herein is intended to limit Defendants collectively to 7 hours of deposition time with any fact witness. The fact deposition limit does not include any depositions of named inventors or prosecution counsel for the asserted patents even if they are affiliated with Plaintiff.

**Expert Depositions:** Plaintiff and Defendants Schwab, Fidelity, JPMorgan, Target and Walmart agree that expert depositions shall be limited to 7 hours per expert report. To the extent any expert submits an omnibus report that addresses multiple parties (*i.e.*, an infringement report that addresses alleged infringement by more than one defendant or a damages report that

---

[2] The parties agree that time will only accrue against the 50 hour total when a party is actively taking a deposition. Hours spent attending a deposition and not taking will not count against an individual party's 50 hour total.

addresses more than one defendant), the portion of the omnibus report addressing each party will be treated as a separate report for purposes of the deposition hours limits set forth above.

Plaintiff has asserted 5 different patents against Deezer, including two patents asserted against Deezer and not any other defendant.  Accordingly, Deezer agrees that expert depositions addressing up to two patents shall be limited to 7 hours per report and per party, but if an expert's report addresses more than two patents-in-suit, Deezer requests that the parties agree to work in good faith to allocate an additional reasonable number of additional hours for that expert's deposition, with Deezer having no less than 10 hours total to depose Plaintiff's experts on issues of infringement.  Further, Deezer agrees to work in good faith and coordinate with Plaintiff and Defendants Schwab, Fidelity, JP Morgan, Target and Walmart on expert deposition hours for the patents commonly asserted against Deezer and one or more of the other defendants.

**(4)    The identity of persons expected to be deposed.**

Plaintiff anticipates taking the depositions of Defendants and witnesses identified by Defendants, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure, relevant documents, infringement, validity, and damages.

Defendants anticipate taking the depositions of Plaintiff and witnesses identified by Plaintiff, including expert witnesses, named inventors, prosecution counsel for the asserted patents, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure (including parent companies), relevant documents, non-infringement, invalidity, standing, and damages.

> **(5)** **Any issues relating to the disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production.**

The parties have agreed to the Order Governing E-Discovery in Patent Cases attached as Exhibit B. The order governs, among other things, the form of disclosure of electronically stored information.

> **(6)** **Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties agree to preserve all discoverable information and do not believe a separate Preservation Order is necessary in this case.

> **(7)** **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).**

Attached as Exhibit A is an agreed proposed Scheduling Order adopting the structure set forth in the Court's Amended Order Governing Proceedings.

Attached as Exhibit B is an agreed proposed Order Governing E-Discovery in Patent Cases.

> **(8)** **Estimated trial time.**

The parties currently anticipate that the trial of each action will require approximately 20 hours of trial time per side (including direct and cross-examination but not including opening, closing, or voir dire). As the case proceeds, this estimate of trial time may change depending on the number of claims and defenses requiring trial.

> **(9)** **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Christopher Granaghan and Hill Brakefield will represent Plaintiff at the Management Conference.

Keith Davis and Michael Oblon will represent Deezer at the Management Conference.

Eric Findlay will represent Walmart at the Management Conference.

Lauren Steinhaeuser, Doowon Chung, and Michael Young will represent Target at the Management Conference.

Brett Govett and Hao Wu will represent Schwab at the Management Conference.

Matthew Milam will represent Fidelity at the Management Conference.

Laura Gore will represent JPMorgan at the Management Conference.

**(10) Any other matters counsel deem appropriate for inclusion in the joint conference report.**

Consolidation

For purposes of convenience for this Court, the parties agree that establishing common scheduling deadlines would best preserve the time and resources of this Court. The parties agree that such common scheduling is not an admission by any party that the issues in these cases are substantially similar or identical.

Privilege Logs

The parties agree that privilege logs need not include the following categories of communications and/or documents:

(1) communications and documents created after the filing of this lawsuit;

(2) communications and documents between any party and its outside counsel related to this litigation;

(3) the parties' pre-suit work product involving this litigation.

Information Required by Local Patent Rule 2-1(a)

The parties provide the following information regarding additional topics required by Local Patent Rule 2-1(a):

      a.      **Whether the Court will hear live testimony at the Claim Construction Hearing (P.R. 2-1(a)(2)).**

The Parties do not currently plan to present live testimony at the claim construction hearing.

      b.      **The order of presentation at the Claim Construction Hearing (P.R. 2-1(a)(4)).**

The parties agree that the claim construction hearing should be structured with a presentation of arguments for each disputed claim term in succession. The parties presently contemplate that, for each disputed claim term, the party seeking a construction will present its arguments regarding that term first, followed by rebuttal arguments by the party opposing that construction. The parties will meet and confer at least one week before the claim construction hearing to discuss narrowing the terms/issues to be presented and the specific order for presenting same.

      c.      **Whether the Court should authorize the filing under seal of any documents containing confidential information.**

The parties agree that the Court should authorize the filing under seal of documents containing Confidential Information under a Protective Order to be entered that will govern each case.

Dated: June 9, 2021                            Respectfully submitted,

| | |
|---|---|
| */s/ Edward R. Nelson III*<br>**Edward R. Nelson III**<br>State Bar No. 00797142<br>**Brent N. Bumgardner**<br>State Bar No. 00795272<br>**Christopher G. Granaghan**<br>State Bar No. 24078585<br>**Hill Brakefield**<br>State Bar No. 24110604<br><br>**Nelson Bumgardner Albritton PC** | */s/ Keith Davis*<br>**KEITH DAVIS**<br>Texas State Bar No. 24037895<br>**JONES DAY**<br>272 North Harwood Street<br>Dallas, TX 75201<br>Telephone: 214-969-4528<br>Facsimile: 214-969-5100<br>kbdavis@jonesday.com<br>**COUNSEL FOR DEFENDANT DEEZER, S.A.** |

| | |
|---|---|
| 3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>817.377.9111<br>ed@nbafirm.com<br>brent@nbafirm.com<br>chris@nbafirm.com<br>hill@nbafirm.com | |
| */s/ Lauren Steinhaeuser*<br>**LAUREN STEINHAEUSER**<br>Minnesota Bar No. 0392477<br>**DOOWON CHUNG**<br>Minnesota Bar No. 0397413<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Ctr. 90 S. Seventh St.<br>Minneapolis, Minnesota 55402<br>Tel: (612) 766-6879<br>Fax: (612)766-1600<br>Lauren.Steinhaeuser@faegredrinker.com<br>Doowon.Chung@faegredrinker.com<br>**ROGER D. SANDERS**<br>TX State Bar No. 17604700<br>**J. MICHAEL YOUNG**<br>TX State Bar No. 00786465<br>**SANDERS, MOTLEY, YOUNG & GALLARDO**<br>111 South Travis Street<br>Sherman, Texas 75090<br>(903) 892-9133<br>(903) 892-4302 (fax)<br>rsanders@somlaw.net<br>myoung@somlaw.net<br>**COUNSEL FOR DEFENDANT TARGET CORPORATION** | */s/ Eric H. Findlay*<br>**ERIC H. FINDLAY**<br>State Bar No. 00789886<br>**DEBBY GUNTER**<br>State Bar No. 24012752<br>**FINDLAY CRAFT, P.C.**<br>102 N. College Ave. Suite 900<br>Tyler, Texas 75702<br>Tel: (903) 534-1100<br>Fax: (903) 534-1137<br>efindlay@findlaycraft.com<br>dgunter@findlaycraft.com<br>**KATHRYN RILEY GRASSO**<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, California 92101-4297<br>Tel: (619) 699-2842<br>Fax: (619) 764-6692<br>Kathryn.riley@dlapiper.com<br>**CHRISTIAN CHESSMAN**<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA 94303-2215<br>Tel: (650) 833-2112<br>Fax: (650) 687-1141<br>Christian.chessman@dlapiper.com<br>**COUNSEL FOR DEFENDANT WALMART INC.** |
| */s/ Robert Frederickson III*<br>**ELAINE HERRMANN BLAIS**<br>(admitted in E.D. Texas)<br>**ROBERT FREDERICKSON III**<br>(admitted in E.D. Texas)<br>**GOODWIN PROCTER LLP**<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel.: (617) 570-1000 | */s/ Talbot R. Hansum*<br>**BRETT C. GOVETT**<br>State Bar No. 08235900<br>Lead Attorney<br>**HAO J. WU**<br>State Bar No. 24106601<br>**NORTON ROSE FULBRIGHT US LLP**<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX 75201 |

| | |
|---|---|
| Fax: (617) 523-1231<br>EBlais@goodwinlaw.com<br>RFrederickson@goodwinlaw.com<br>**JACQUELINE GENOVESE BOVA**<br>(admitted pro hac vice)<br>**KEVIN SPINELLA**<br>(admitted pro hac vice)<br>**GOODWIN PROCTER LLP**<br>1900 N Street NW<br>Washington, D.C. 20037<br>Jbova@goodwinlaw.com<br>KSpinella@goodwinlaw.com<br>**JENNIFER PARKER AINSWORTH**<br>Texas State Bar No. 00784720<br>**WILSON, ROBERTSON & CORNELIUS, P.C.**<br>909 ESE Loop 323, Suite 400<br>Tyler, Texas 75701<br>Tel: (903) 509-5000<br>Fax: (903) 509-5092<br>jainsworth@wilsonlawfirm.com<br>**COUNSEL FOR DEFENDANT FIDELITY BROKERAGE SERVICES LLC** | Tel: 214.855.8118<br>Fax: 214.855.8200<br>brett.govett@nortonrosefulbright.com<br>hao.wu@nortonrosefulbright.com<br>**STEPHANIE N. DEBROW**<br>State Bar No. 24074119<br>**CATHERINE J. GARZA**<br>State Bar No. 24073318<br>**TALBOT R. HANSUM**<br>State Bar No. 24084586<br>**NORTON ROSE FULBRIGHT US LLP**<br>98 San Jacinto Boulevard<br>Suite 1100<br>Austin, TX 78701-4255<br>Tel: 512.474.5201<br>stephanie.debrow@nortonrosefulbright.com<br>cat.garza@nortonrosefulbright.com<br>talbot.hansum@nortonrosefulbright.com<br>**COUNSEL FOR DEFENDANT CHARLES SCHWAB CORPORATION** |
| */s/ Ryan K. Yagura*<br>**RYAN K. YAGURA**<br>(Tex. Bar No. 24075933)<br>**O'MELVENY & MYERS LLP**<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Telephone: 213-430-6000<br>Facsimile: 213-430-6407<br>ryagura@omm.com<br>**LAURA BAYNE GORE**<br>(Pro Hac Vice)<br>**O'MELVENY & MYERS LLP**<br>Times Square Tower, 7 Times Square<br>New York, NY 10036<br>Telephone: 212-326-2000<br>Facsimile: 212-326-2061<br>lbayne@omm.com<br>**COUNSEL FOR DEFENDANT JPMORGAN CHASE & CO.** | |

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this the June 9, 2021.

/s/ Edward R. Nelson III